# Kaperal *v.* Borough of Swoyerville, Appellant.

*Municipalities—Boroughs—Streets—Change of grade—Damages —Construction of sidewalk by owner—Trial by jury.*

A borough having proceeded, in a lawful manner, to make a change in the grade of the cartway in one of its streets, so as to leave an abutting property about five feet below grade, the owner of that property has the right to a jury trial upon the question whether his property had been damaged by the change of grade.

The fact that the owner had constructed a sidewalk about a month before the change of grade was made, at the level of the new grade did not deprive him of his constitutional right to have a jury determine the question of the damage to his property.

Argued March 5, 1923. Appeal, No. 24, March T., 1923, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1920, No. 646, on verdict for plaintiff, in the case of Andrew Kaperal v. Borough of Swoyerville. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from award of damages by board of viewers. Before JONES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $657 and judgment thereon. Defendant appealed.

*Error assigned* was refusal to enter judgment for defendant non obstante veredicto.

*Richard B. Sheridan,* for appellant.—As a general rule a suitor is entitled to have his case submitted to the jury on his own interested testimony, although contradicted by disinterested witnesses, the remedy for a perverse verdict being a new trial. Where, however, as here, the party's own testimony stands not only opposed to that of several disinterested witnesses, but is shown to be un-

true by the uncontrovertible physical facts, the case is different. A court cannot accept as true that which the undisputable evidence demonstrates is false: Lessig v. Reading Transit & Light Co., 270 Pa. 299; Hill v. P. R. T. Co., 271 Pa. 232; Seiwell v. Hines, 273 Pa. 259.

*Thomas F. Farrell*, and with him *Joseph H. Finn*, for appellee.—However clear and indisputable may be the proof, when it depends upon oral testimony, it is the province of the jury to decide, under instruction from the court, as to the law applicable to the facts: McGlinn Distilling Co. v. Dervin, 260 Pa. 414.

OPINION BY PORTER, J., July 12, 1923:

The borough having changed the grade of the street in front of the property of the plaintiff, the latter presented to the court below his petition averring that the property had been thereby damaged and praying for the appointment of viewers to estimate and determine the amount of such damage. Viewers were appointed, proceeded in accordance with the provisions of the statutes and filed a report finding that the property had been damaged in an amount stated. The borough appealed from the report of the viewers and demanded a jury trial, which trial resulted in a verdict in favor of the plaintiff. The borough appeals. The defendant having presented a written request for binding instructions at the trial, which the court refused, afterwards moved the court to have all the evidence taken on the trial transcribed and filed so as to become part of the record, and for judgment non obstante veredicto in its favor upon the whole record, as authorized by the Act of April 22, 1905, P. L. 286. The only assignment of error is based upon the refusal of this motion.

It is undisputed that the borough had in a lawful manner proceeded to make an actual change in the grade of the cartway of the street, in front of plaintiff's property, which resulted in leaving the property about five

feet below the grade.   There can be no doubt that, as a general proposition, this plaintiff had the right to a jury trial upon the question whether his property had been damaged by such a change of grade.   It is in this case, however, contended on behalf of the borough, that the plaintiff was precluded from recovery because of the fact that he had about a month before the borough made the actual change in the cartway, constructed a sidewalk in front of his property at the grade to which the borough subsequently raised the cartway.   It was undisputed that the property owners on each side of plaintiff's lot had constructed sidewalks in front of their respective lots at a grade higher than the natural surface of the land, so that the sidewalk in front of the property of the plaintiff was several feet lower than that in front of the property of his neighbors, at the property lines on each side. What the plaintiff did was to fill up this gap, by constructing a sidewalk upon the same grade as that in front of the adjoining properties.   It did not appear in evidence that the borough had established a grade for the street before these sidewalks were constructed, nor did it appear that the sidewalks had been constructed in pursuance of notice by the borough authorities.   We are of opinion that the construction of this sidewalk did not deprive the plaintiff of his constitutional right to have determined by a jury the question of the damage to his property resulting from the change of the grade of the cartway, which, of course, involved a change of grade of the entire street by the borough.   If the sidewalk was constructed at a grade which had been established by the borough, the work being done with the acquiescence of the borough and in anticipation of the grading of the cartway, it was in relief of the borough to the extent of the cost of grading the sidewalk, and was not a waiver of the right of the plaintiff to recover his damages when the borough came to make the actual change in the grading of the cartway.   If the sidewalk was constructed at an unauthorized grade, while the borough might have

compelled the plaintiff to abate the nuisance in the highway, the plaintiff had the unquestionable right to remove it at any time, and thus avoid any interference with the action of the borough when it undertook to grade the street. The court, in affirming a point submitted by the appellant, charged the jury as follows: "Unless the jury find from the evidence that the filling up of the street by the borough, after the construction of the sidewalk, diminished or lessened the fair market value of the property as a whole from what the jury finds the fair market value of the property to have been after the construction of the sidewalk and immediately before the fill, the plaintiff is not entitled to recover damages." This was a correct statement of the law applicable to the facts in this case. It was in accordance with this principle that the witnesses were permitted to testify as to their estimate of the effect of the change of grade upon the property of the plaintiff. There was ample evidence to warrant a finding that the property of the plaintiff was damaged by the change of grade of the cartway. The case was for the jury and the court did not err in refusing to enter judgment in favor of the defendant notwithstanding the verdict.

The judgment is affirmed.